COOLEY LLP
ROBERT L. EISENBACH III (124896)
(reisenbach@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

*Attorneys for Plaintiffs*

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[MODESTO DIVISION]

In re:

**NATHAN BENJAMIN DAMIGO,**

　　　　Debtor.

Chapter Number: 7

Case No. 19-90003-E-7

DC No. RLE-1

**DECLARATION OF ALAN LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO (I) MODIFY THE AUTOMATIC STAY TO ALLOW CONTINUATION OF THE CHARLOTTESVILLE ACTION AGAINST DAMIGO, AND (II) HOLD NON-DISCHARGEABILITY ACTION IN ABEYANCE**

Date: February 14, 2018
Time: 10 a.m.
Dept.: E
Judge: Hon. Ronald H. Sargis

**DECLARATION OF ALAN LEVINE IN SUPPORT OF PLAINTIFFS' MOTION TO (I) MODIFY THE AUTOMATIC STAY TO ALLOW CONTINUATION OF THE CHARLOTTESVILLE ACTION AGAINST DAMIGO, AND (II) HOLD NON-DISCHARGEABILITY ACTION IN ABEYANCE**

I, Alan Levine, declare:

1. I am an attorney licensed to practice in the State of New York and Senior Counsel at the law firm of Cooley LLP, counsel of record for Elizabeth Sines, Seth Wispelwey, Marissa Blair, Tyler Magill, April Muniz, Hannah Pearce, Marcus Martin, Natalie Romero, John Doe, and Chelsea Alvarado (collectively, the "***Plaintiffs***"). I submit this declaration in support of the Plaintiffs' motion (the "***Motion***") seeking entry of an order of this Court (the "***Bankruptcy Court***"), pursuant to Sections 362(d)(1) and 105(a) of the United States Bankruptcy Code (the "***Bankruptcy Code***"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure. I am counsel of record for the Plaintiffs in the Charlottesville Action (defined below) and have personal knowledge of the facts set forth herein, except where noted, and, if called to testify, could and would competently testify thereto under oath.

2. Attached hereto as Exhibit A is a true and correct copy of the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by various defendants as Dkt. No. 136 in the United States District Court for the Western District of Virginia ("***Virginia District Court"***), Case No. 3:17-cv-00072-NKM (the "***Charlottesville Action***") on December 7, 2017.

3. Attached hereto as Exhibit B is a true and correct copy of the First Amended Complaint (the "***Amended Complaint***") filed by Plaintiffs as Dkt. No. 175 in the Charlottesville Action on January 5, 2018.

4. Attached hereto as Exhibit C is a true and correct copy of the motion to dismiss the Amended Complaint filed by counsel on behalf of defendant Damigo as Dkt. No. 205 in the Charlottesville Action on January 26, 2018.

5. Attached hereto as Exhibit D is a true and correct copy of the Virginia District Court's order and accompanying 62-page memorandum opinion, largely denying the various motions to dismiss the Amended Complaint, filed as Dkt. No. 335 in the Charlottesville Action on July 9, 2018.

6. Attached hereto as Exhibit E is a true and correct copy of the answer to the Amended Complaint filed by counsel on behalf of Damigo as Dkt. No. 343 in the Charlottesville Action on

July 23, 2018.

7. The parties in the Charlottesville Action have engaged in extensive discovery for over a year. Plaintiffs served their first requests for production and interrogatories on defendants on January 25, 2018, and served supplemental interrogatories as to certain defendants—not defendant Damigo—on March 23, 2018. Defendants served their first requests for production and first set of interrogatories on Plaintiffs on February 20, 2018, and have since supplemented those discovery requests with two more sets of requests for production and three more sets of interrogatories.

8. Throughout this process, the parties have engaged—and continue to engage—in countless meet and confers concerning the scope of discovery, particularly concerning the adequacy of defendants' preservation and production of information relevant to Plaintiffs' claims.

9. Following months of discovery correspondence and meet and confers concerning the defendants' productions, Plaintiffs moved for an order compelling defendants to image, review, and produce information contained on their electronic devices and social media accounts. On November 19, 2018, the Virginia District Court granted that motion and ordered that the defendants subject their electronic devices and social media accounts to a forensic collection by a third-party discovery vendor.

10. The parties are currently negotiating the contract for the third-party discovery vendor and expect to begin the Court-ordered imaging of the defendants' electronic devices and social media accounts as soon as the contract has been executed.

11. In addition to party discovery, Plaintiffs have served 20 third-party subpoenas, including a subpoena to Discord, Inc.—the online platform on which the defendants conducted a majority of their planning of their violent conspiracy—that has required briefing a motion to quash in the Northern District of California. Following such briefing the Northern District of California largely denied the motion to quash.

12. The parties expect to begin depositions in the coming weeks.

13. Under the Court's pre-trial scheduling orders, the following deadlines are currently set:
- Complete fact discovery: April 17, 2019;
- Initial expert reports: March 11, 2019;

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

LEVINE DECL. ISO MOT.
TO MODIFY STAY AND HOLD NON-
DISCHARGEABILITY ACTION

1 - Rebuttal expert reports: April 9, 2019;
2 - Dispositive motions: April 24, 2019; and
3 - Trial: July 8 to August 2, 2019.

4 I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

Executed this 30th day of January 2019.

_Alan Levine_

Alan Levine

197791636

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

LEVINE DECL. ISO MOT.
TO MODIFY STAY AND HOLD NON-
DISCHARGEABILITY ACTION